# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>    v.<br><br>ZEPP, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01065-BAM (PC)<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT AS MOOT<br><br>ORDER DENYING MOTION FOR COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 7) |

      Plaintiff Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 9, 2018. (ECF No. 1.) Plaintiff's complaint has not yet been screened.

      Currently before the Court is Plaintiff's request to file a new version of the final page of his complaint together with a request for counsel, filed August 17, 2018. (ECF No. 7.) The Court construes the requests as motions to amend the complaint and for appointment of counsel.

      It appears that Plaintiff is requesting an amendment of his complaint because he believes that he did not sign his complaint. Plaintiff therefore wishes to amend the final page to include his signature. (Id.) Plaintiff is informed that the version of the complaint e-filed with the Court on August 9, 2018 **does** include his signature, and no amendment is necessary. The motion to amend will therefore be denied, as moot. If Plaintiff wishes to amend his complaint in the future, for other reasons, he may file a motion requesting such relief.

1

With respect to the motion for counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Plaintiff states only that he has no money to hire a lawyer, but has provided no other reason why his case is exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must proceed without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not been screened. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to amend is DENIED as moot, and Plaintiff's motion to appoint counsel (ECF No. 7) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 23, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

2