# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>   v.<br><br>ZEPP, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-01065-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br>(ECF No. 17)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br>(ECF No. 18)<br><br>**THIRTY (30) DAY DEADLINE** |

      Plaintiff Etuate Sekona ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 11, 2019, the Court screened Plaintiff's complaint and granted Plaintiff leave to file a first amended complaint within thirty (30) days. (ECF No. 16.)

      Currently before the Court are Plaintiff's motions to appoint counsel, (ECF No. 17), and for an extension of time to file a first amended complaint, (ECF No. 18), filed July 1, 2019. Plaintiff argues that counsel should be appointed to represent him in this case because he received a TABE score of 2.3 in English, and he has a limited knowledge of the English language. (ECF No. 17.) Plaintiff further contends that this action involves complex medical language and an extension of time is necessary to allow him to find an assistant to help him draft an amended

1

complaint. (ECF No. 18.)

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>rev'd in part on other grounds</u>, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners with limited literacy and knowledge of English who are proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff's contention that requiring him to file an amended complaint without appointing him assistance would be the same as dismissing his case, is unpersuasive. However, given Plaintiff's stated difficulties with reading and writing in English, the Court finds it good cause to grant an extension of time for Plaintiff to file his first amended complaint. Fed. R. Civ. P. 6(b). Although Plaintiff has not specified the length of extension requested, the Court finds that a thirty (30) day extension of time is appropriate under the circumstances.

///

| | |
|---|---|
| 1 | Accordingly, IT IS HEREBY ORDERED as follows: |
| 2 | 1. Plaintiff's motion to appoint counsel, (ECF No. 17), is DENIED, without prejudice; |
| 3 | 2. Plaintiff's motion for extension of time to file a first amended complaint, (ECF No. |
| 4 | 18), is GRANTED; |
| 5 | 3. The Clerk's Office shall send Plaintiff a complaint form; |
| 6 | 4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an |
| 7 | amended complaint curing the deficiencies identified by the Court in the June 10, |
| 8 | 2019 screening order or file a notice of voluntary dismissal; and |
| 9 | 5. If Plaintiff fails to file an amended complaint in compliance with this order, the Court |
| 10 | will recommend dismissal of this action, with prejudice, for failure to obey a court |
| 11 | order and for failure to state a claim. |

IT IS SO ORDERED.

Dated: **July 8, 2019**              /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE